UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 2:25-cv-0479-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BENNIE F. CARTER, | |
| Defendant. | |

Plaintiff has filed a complaint, ECF No. 1, and a request to proceed *in forma pauperis*, ECF No. 6. However, plaintiff is a "Three-Striker" within the meaning of 28 U.S.C. § 1915(g). *See Driver v. Dep't of the Treasury IRS*, No. 2:22-cv-02229-KJM-DB (E.D. Cal. July 11, 2023) (recognizing plaintiff as a "three-striker" within in the meaning of 28 U.S.C. § 1915(g)).

The court takes judicial notice of the following cases constituting strikes: (1) *Driver v. Martel*, No. 08-cv-1910-GEB-EFB (E.D. Cal. Sept. 15, 2009) (dismissed for failure to state a claim); (2) *Driver v. Kelso*, No. 2:11-cv-2397-EFB (E.D. Cal. Aug. 9, 2012) (dismissed for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim); (3) *Driver v. Zamora*, No. 2:14-cv-02170-BRO-AGR (C.D. Cal. Aug. 21, 2014) (dismissed for failure to file an amended complaint after prior complaint was dismissed for failure to state a claim); (4) *Driver v. Epp*, No. 2:12-cv-00589-EFB (E.D. Cal. Sept. 5, 2012) (dismissed for failure to state a claim); (5) *Driver v. U.S. Special Master*, No. 1:17-cv-0202-DAD-BAM

1

(E.D. Cal. Jan. 5, 2018) (dismissed for failure to pay the filing fee after being declared a three-strike litigant and for failure to obey a court order).

Despite being a "three-striker," a plaintiff may be afforded an opportunity to proceed *in forma pauperis* under section 1915(g) if he alleges that he was in imminent danger at the time he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007). The court must determine if the potential harm amounts to "serious physical injury" and whether the threat is "imminent." *Cervantes*, 493 F.3d at 1055-56. A prisoner fails to meet the exception where claims of imminent danger are conclusory. *Id.* at 1057 n.11. Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm or generalized fears of potential harm. *See id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Plaintiff alleges that in late January 2025 and on February 4, 2025, his psychiatrist injected him with Haldol. ECF No. 1 at 1-3. He contends that should his psychiatrist continue to give him Haldol, the drug will impact his ability to litigate his other pending civil actions. *Id.* at 3.

Plaintiff's allegations are insufficient to demonstrate that he faced imminent danger of physical injury at the time he filed the complaint. Plaintiff has not alleged any facts demonstrating he was subjected to any physical harm, much less a "serious physical injury." *See Cervantes*, 493 F.3d at 1055-56. Additionally, his alleged harm—not being able to litigate his civil cases to the best of his ability—is a generalized fear of potential harm. *Id.* at 1053.

Plaintiff's application for leave to proceed *in forma pauperis* must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, it is RECOMMENDED that plaintiff's application to proceed *in forma pauperis*, ECF No. 6, be DENIED and plaintiff be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE